UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CV 6275**

------------------------------------X

BROOKS, HOUGHTON SECURITIES, INC., GERALD
HOUGHTON, KEVIN CENTOFANTI, AND HIROSHI YOSHIDA

**JUDGE JONES**

Petitioners,

07 Civ. _____

-against-

LIFE PARTNERS HOLDINGS, INC.,

**PETITION TO COMPEL
ARBITRATION**

Respondent.

------------------------------------X

JUL 09 2007

Petitioners, Brooks, Houghton Securities, Inc., Gerald Houghton, Kevin

Centofanti and Hiroshi Yoshida (collectively, the "Petitioners") by their attorneys, Blank Rome

LLP, for their Petition, allege as follows:

## NATURE OF THE ACTION

1.      This is a proceeding pursuant to the Federal Arbitration Act, 9 U.S.C. § 1

et seq., (a) to compel Respondent, Life Partners Holdings, Inc. ("Respondent"), to arbitrate a

dispute pursuant to a March 31, 2004 Letter Agreement, which requires arbitration of any

controversy or claim "arising out of or relating to" the Letter Agreement or the breach thereof,

under the rules of the American Arbitration Association ("AAA")), and (b) to stay or dismiss

Respondent's improper arbitration proceeding commenced on or about June 13, 2007 before the

National Association of Securities Dealers Dispute Resolution, Inc. (the "NASD proceeding")

because Respondent's claim unquestionably "relates to" the Letter Agreement such that it is

subject to the arbitration provision therein and because the relief sought by Respondent in the

NASD proceeding is identical to the relief Respondent sought and was denied in a prior

arbitration before the AAA in an award dated November 20, 2006.

## THE PARTIES

2.    Brooks, Houghton Securities, Inc. is a Delaware corporation with its principal place of business located at 444 Madison Avenue, New York, New York.

3.    Gerald Houghton is an individual who is the President of Brooks, Houghton Securities, Inc. and resides in Connecticut.

4.    Kevin Centofanti is an individual who is a registered principal of Brooks, Houghton Securities, Inc. and resides in New York.

5.    Hiroshi Yoshida is an individual who is a Managing Director of Brooks, Houghton Securities, Inc. and resides in New Jersey.

6.    Respondent is a Texas corporation with its principal place of business at 204 Woodhew Road, Waco, Texas.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. § 1332(a)(2) by virtue of complete diversity of citizenship between Petitioners and Respondent, and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8.    This Court has in personam jurisdiction over the Respondent because the Respondent appeared and participated in the AAA proceeding in New York, New York and the present claim relates to the AAA proceeding.

9.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Respondent is subject to personal jurisdiction in this District and a substantial part of the events giving rise to the claim occurred in this District.

## FACTS

### The March 31, 2004 Letter Agreement

10.     On or about March 31, 2004, Petitioner Brooks, Houghton Securities, Inc. entered a Letter Agreement (the "Letter Agreement") with Respondent by which Respondent engaged Brooks, Houghton Securities, Inc. and its affiliates (collectively, "BHS") as its financial advisor and placement agent for the purpose of "arranging a warehouse facility of $75 million or such other form of financing as [Respondent] deems appropriate . . . ."

11.     The Letter Agreement also provided that Respondent would promptly refer "all inquiries, indications of interest or offers received by [Respondent ] prior to [March 31, 2004] or at any time during the period of this Letter Agreement with respect to the Financing, except as agreed upon between [Respondent and BHS]."

12.     In exchange, Respondent agreed to compensate BHS with a percentage upon the placement of a financing.

### The Agreement to Arbitrate Any and All Disputes
### in the American Arbitration Association

13.     Section E of the Letter Agreement provided for the settlement of any and all disputes related to the Letter Agreement by arbitration under the rules of the AAA. Specifically, Section E reads as follows:

> Notwithstanding anything to the contrary contained herein, any controversy or claim arising out of or relating to this Letter Agreement or the breach thereof, shall be settled by arbitration under the rules of the American Arbitration Association.

14.     Respondent also executed an indemnification agreement with "Brooks, Houghton Securities, Inc., and their affiliates (collectively the "Advisor") and any directors, officers, agents, advisors and employees of the Advisor..."

-3-

15.    The Indemnification Agreement was explicitly incorporated into the Letter

Agreement in section D:

> Because [BHS] will be acting on behalf of [Respondent],
> [Respondent] agrees to the indemnification provision (the
> "Indemnification Provision") attached to this Letter Agreement as
> Annex A and incorporated herein in its entirety.

16.    Petitioners are each parties or intended beneficiaries of the Letter

Agreement either expressly or by incorporation of the Indemnification Agreement.

## The October 2006 American Arbitration Association Proceeding

17.    In or about January 2006, BHS became aware that Respondent entered

into a financing with Mammoth Life LLC that closed on or about December 31, 2005 (the

"Mammoth Financing").

18.    Although the parties' Letter Agreement was still in force, Respondent

deliberately concealed the Mammoth Financing from BHS and failed to compensate BHS

pursuant to the terms of the Letter Agreement.

19.    By letter dated February 17, 2006, BHS notified Respondent that it was in

breach of the Letter Agreement.

20.    On or about March 1, 2006, Respondent denied any breach of the Letter

Agreement.

21.    On or about March 21, 2006, BHS demanded an arbitration with

Respondent pursuant to the arbitration provision in the Letter Agreement in respect of the

aforementioned disputes.

22.    By letter dated April 26, 2006, the AAA provided BHS and Respondent

with a list of potential arbitrators to designate.

-4-

23.    By letter dated June 26, 2006, the AAA confirmed the appointment of

John Byrne, Peter Collins and John Holsinger as arbitrators, and the appointment of John Byrne

as Chairman of the Panel.

## Life Partners Holdings, Inc.'s October 16, 2006 Application for Attorneys' Fees and Costs in the AAA Proceeding

24.    By letter dated October 16, 2006, Respondent asserted a claim against

BHS seeking recovery of its attorneys' fees and costs incurred in connection with the AAA

proceeding.

25.    On October 23, 2006, BHS and Respondent, through their counsel,

appeared at Blank Rome LLP's offices located in the Chrysler Building, 405 Lexington Avenue,

New York, New York for a one-day evidentiary hearing before the arbitration panel.

26.    In an award dated November 20, 2006 (the "Award"), the panel declined

to award damages to BHS.

27.    The Award ordered the parties to bear equally the arbitrators' fees and

costs.

28.    The Award rejected Respondent's application for attorneys' fees and

costs, stating:

> This Award is in full and complete settlement and satisfaction of
> any and all claims, counterclaims . . . properly submitted to these
> arbitration proceedings, and any claim or counterclaim not
> specifically referenced herein is . . . DENIED.

## Respondent's Refusal to Arbitrate in the Proper Forum – the American Arbitration Association

29.    On June 19, 2007, Petitioners received notice that Respondent commenced

the NASD proceeding. In the NASD proceeding, Respondent seeks recovery for its attorneys'

fees and costs incurred in connection with the AAA arbitration.

30.     The NASD proceeding includes BHS, Gerald Houghton, Kevin Centofanti and Hiroshi Yoshida as Respondents.

31.     At all relevant times, Messrs. Houghton, Centofanti and Yoshida have been and remain employees, directors or officers of BHS.

32.     The allegations in the NASD proceeding against Messrs. Houghton, Centofanti and Yoshida arise exclusively from alleged conduct undertaken in connection with the Letter Agreement while acting in their capacities as employees, directors or officers of BHS.

33.     Respondent's prayer for relief in the NASD proceeding seeks "legal fees, arbitration costs and travel expenses" totaling $177,129.53, which is the precise relief Respondent sought and was denied in the prior AAA proceeding.

34.     Respondent's attempt to seek a second bite at the apple by commencing a proceeding before the NASD instead of the AAA directly violates the arbitration provision in the Letter Agreement.

## REQUEST FOR RELIEF

35.     The agreement to arbitrate in the Letter Agreement is enforceable by this Court under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., which authorizes this Court, upon this Petition, to enter an Order directing that arbitration proceed in the manner provided for in the arbitration provision of the Letter Agreement. *See* 9 U.S.C. § 4.

36.     This Court is further authorized, pursuant to the Federal Arbitration Act, to stay the NASD proceeding. *See* 9 U.S.C. § 3.

37.     This Court is further authorized, pursuant to 28 U.S.C. § 2201(a), to enter a declaratory judgment that Respondent is required to abide by the arbitration provision section of the Letter Agreement.

**WHEREFORE**, Petitioners respectfully request entry of an Order:

(i)    compelling Respondent to arbitrate its claims against Petitioners in the American Arbitration Association in accordance with the arbitration provision of the Letter Agreement;

(ii)   staying or dismissing the NASD proceeding;

(iii)  declaring that the dispute before the NASD is subject to arbitration under the arbitration provision of the Letter Agreement; and

(iv)   granting Petitioners such other and further relief as the Court may deem just and proper.

Dated: New York, New York
July 9, 2007

**BLANK ROME LLP**

By: _____

Kenneth L. Bressler (KB 3398)
Thomas H. Belknap, Jr. (TB 3188)
Daniel J. Brown (DB 7458)
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 885-5120
*Attorneys for Petitioners*