# EXHIBIT 3



**BLANK ROME LLP**
COUNSELORS AT LAW

Phone:  (212) 885-5207
Fax:    (917) 332-3763
Email:  gabrahams@blankrome.com

February 17, 2006

**VIA E-MAIL AND FEDERAL EXPRESS**

Life Partners Holdings, Inc.
204 Woodhew
Waco, TX  76712

Attn:  Brian D. Pardo
       President & CEO

        Re:    <u>Brooks Houghton & Company, Inc.</u>

Gentlemen:

    We are counsel to Brooks Houghton & Company, Inc. and are writing to you concerning the March 31, 2004 agreement (the "Agreement") between Brooks, Houghton & Company, Inc. ("Brooks Houghton"), pursuant to which Brooks Houghton acted as a financial advisor and placement agent for Life Partners in exchange for a fee on any Financing (as defined in the Agreement) Life Partners obtains.

    Our client was surprised to learn that Life Partners entered into a Financing (the "executed Financing") with an undisclosed "well-known U.S. based global investment and asset management firm to form a $50 million partnership to purchase life settlement contracts. As you know, the Agreement provides that "all inquiries, indications of interest or offers received by [Life Partners] prior to this date or at any time during the period of this Letter Agreement with respect to the Financing… shall be referred promptly to [Brooks Houghton]."

    Having worked diligently on Life Partners' behalf for a period of 33 months, Brooks Houghton obviously believes that they were entitled to act as the investment banker in the Executed Financing and are entitled to a fee as provided for in the Agreement. On behalf of Brooks Houghton, we would like to understand Life Partners' position as there may be facts we are not taking into consideration. Among the issues we would appreciate Life Partners explaining to us are:

1. The identity of the party with whom Life Partners entered into the Executed Financing;

2. The identity of the financial advisor or placement agent Life Partners used for the



Life Partners, Inc.
February 17, 2006
Page 2

        Executed Financing;

3.     The facts surrounding Life Partners' first contract with the party with whom it entered into the Executed Financing;

4.     Why Life Partners did not refer the Executed Financing to Brooks Houghton; and

5.     Why Brooks Houghton has not been paid a fee in connection with the Executed Financing.

We look forward to hearing from Life Partners and hope that there is either an explanation for excluding Brooks Houghton from the Executed Financing or that we can amicable resolve this issue without resorting to arbitration.

Very truly yours,

*[signature]*

for: Kenneth L. Bressler

cc:    Kevin Centofanti
       Gerald H. Houghton

900200.00001/6451743v.1