UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

BROOKS HOUGHTON SECURITIES, INC.,
GERALD HOUGHTON, KEVIN CENTOFANI,          07 Civ. 6275 BSJ
AND HIROSHI YOSHIDA

                             Petitioners,          **AFFIDAVIT**

       -against-

LIFE PARTNERS HOLDINGS INC.,

                            Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

STATE OF NEW YORK     )
                            ) ss:
COUNTY OF NEW YORK  )

        ARTHUR D. FELSENFELD, being duly sworn deposes and says:

        1.      I am a member of the law firm of Andrews Kurth LLP, attorneys for Respondent,

Life Partners Holdings, Inc. ("Life Partners"), in the instant action, and submit this Affidavit in

Opposition to the motion by Petitioners by Order to Show Cause to compel Life Partners to

arbitrate a dispute with Petitioners under the rules of the American Arbitration Association

("AAA") and to dismiss or stay Life Partners' presently pending arbitration before the National

Association of Securities Dealers, Inc. ("NASD").

        2.      I represented Life Partners in connection with a prior arbitration proceeding

commenced by Brooks, Houghton & Co., Inc. ("Brooks, Houghton") before the AAA, entitled In

the Matter of Arbitration between Brooks Houghton & Company, Inc. and Life Partners

Holdings, Inc. ("AAA Arbitration") and, as such, I am familiar with the matters stated herein.  In

the AAA arbitration Brooks, Houghton alleged a breach of contract by Life Partners seeking

damages in excess of $2 million.  The AAA Arbitration Panel, by Award dated November 20,

2006, unanimously denied Brooks, Houghton's claim in its entirety.

3.      The position taken by Petitioners herein that the Arbitration Panel in the AAA Arbitration rejected Life Partners' claim for attorneys fees is factually incorrect.  The AAA Arbitration Panel never even considered the entitlement of either party to attorneys fees.

4.      Initially, in the AAA Arbitration neither party sought attorneys fees.  The first request for attorneys fees was made by Brooks Houghton in its Pre-Hearing Memorandum, a copy of which is annexed hereto as Exhibit A (at p. 8).

5.      Upon receiving that Memorandum and noting that request, I wrote to Brooks Houghton's counsel with a copy to the Arbitration Panel members, requesting attorneys fees on behalf of Life Partners.  A copy of my October 16, 2006 letter is annexed hereto as Exhibit B.

6.      In response, counsel for Brooks Houghton wrote a letter dated October 17, 2006 stating that Brooks Houghton request for attorneys fees was inadvertently included and was being withdrawn.  A copy of said letter is annexed hereto as Exhibit C.

7.      At the commencement of the arbitration hearing on October 23, 2006 (for which there was no transcript), the Panel addressed this issue of whether a claim for attorneys fees would be entertained.  The Chairman of the Panel, John Byrne, stated that the Panel would not consider such a claim unless both parties agreed.  Counsel for Brooks Houghton advised that Brooks Houghton would not agree, whereupon Mr. Byrne stated that claims for attorneys fees would not be considered.

ARTHUR D. FELSENFELD

Sworn to before me this
26 day of July, 2007

Notary Public

CASSANDRA PORSCH
Notary Public State of New York
No. 02PO6146284
Qualified in New York County
Commission Expires May 15, 2010

NYC:166154.1