UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

BROOKS HOUGHTON SECURITIES, INC.,
GERALD HOUGHTON, KEVIN CENTOFANI,        07 Civ. 6275 BSJ
AND HIROSHI YOSHIDA

        Petitioners,     **AFFIDAVIT**

 -against-

LIFE PARTNERS HOLDINGS INC.,

        Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

STATE OF TEXAS  )
        ) ss:
COUNTY OF MCLENNAN )

  BEFORE ME, the undersigned authority, did personally appear R. Scott Peden, who, first being duly sworn, deposes and says:

  1. I am over the age of 21 and am capable of making this affidavit. I have never been convicted of a felony or a crime of moral turpitude.

  2. I am the President of Life Partners, Inc. (LPI). I have been the President of LPI since 2000. Before assuming this role, I was the Vice-President/General Counsel of LPI from its inception in 1991 until 2000. Because of my position, I am personally familiar with, and aware of, the business activities of LPI, including the purchase of life settlements.

  3. LPI serves as the purchasing agent of life settlements for individual and corporate investors.

  4. LPI is a corporation organized and existing under the law of Texas. LPI's principle place of business is in Waco, Texas.

NYC:166201.1

5. LPI does not engage in any continuous or systematic course of business in New York or transact any business within or directed to New York. LPI has no offices or employees in New York and does not direct activities in New York which might reasonably cause LPI to anticipate being subject to jurisdiction in New York.

6. LPI has not committed any tortious act or breach of contract in New York or outside New York which caused injury or damage in New York

7. LPI does not own or possess any real property located in New York.

8. On April 18, 2007 LPI commenced an arbitration proceeding against Brooks, Houghton Securities Inc., Gerald Houghton, Kevin Centofanti, and Hiroshi Yoshida (collectively "Petitioners") with the National Association of Securities Dealers ("NASD"). Attached hereto as Exhibit A is a true and accurate copy of LPI's NASD Complaint.

9. The NASD website reflects that the Petitioners are all NASD Members or persons associated with an NASD Member.

10. Life Partners' claim against the Petitioners in the NASD Arbitration is based on their breach of fiduciary duties and duties of good faith and fair dealing as members of the NASD. In the NASD Arbitration, Life Partners seeks the fees and costs it incurred in the AAA Arbitration based on the fact that Brooks, Houghton & Co., at Petitioners' wrongful urging, commenced the case against Life Partners in bad faith, without probable cause, and simply to harass Life Partners.

11. Attached hereto as Exhibit B is a true and correct copy of NASD Notice to Members 07-07.

12. Attached hereto as Exhibit C is a true and correct copy of Section 12200 of the NASD Code of Arbitration Procedure for Customer Disputes.

NYC:166201.1

13. Attached hereto as Exhibit D is a true and correct copy of NASD Interpretive Material, IM 12000.

_____
R. Scott Peden

Subscribed and sworn to before me on this 24 day of July, 2007, by R. Scott Peden who is personally known to me.


Christina R. Butler
State of Texas
My Comm. Exp 5-13-2009

_____
NOTARY SIGNATURE
IN AND FOR THE STATE OF TEXAS

My Commission Expires: 5/13/09

NYC:166201.1