UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

BROOKS, HOUGHTON SECURITIES, INC., GERALD HOUGHTON, KEVIN CENTOFANTI, AND HIROSHI YOSHIDA

                     Petitioners,

-against-

LIFE PARTNERS HOLDINGS, INC.,

                     Respondent.

07 Civ. 6275 (BSJ)

**REPLY DECLARATION OF KEVIN CENTOFANTI**

------------------------------------X

**KEVIN CENTOFANTI**, under penalty of perjury, hereby declares as follows:

1. I am a registered principal of Petitioner Brooks, Houghton Securities Inc. ("BHS") and respectfully submit this reply declaration in further support of Petitioners' application to compel arbitration of Respondent Life Partners Holdings, Inc.'s ("Respondent") claims in the American Arbitration Association and to dismiss or stay Respondent's recently commenced NASD proceeding.

2. I understand that Respondent is arguing that it is not subject to jurisdiction in New York because it claims it does not engage in business here. This makes no sense to me. First, Respondent appeared and participated in the October 2006 American Arbitration Association proceeding in New York. Second, Respondent's then President-Institutional Investor Division, Michael Beste, traveled to New York on at least 7 occasions in 2004-2005 to participate in various meetings in New York in connection with the Letter Agreement as follows:

- April 20, 2004: meetings with CapSource, Laurus Funds and Sumitomo Bank.
- June 2, 2004:   meeting with CapSource
- June 24, 2004: meetings with Sumitomo and CapSource
- July 28, 2004: meeting with Shinsei Bank (see Declaration of Hiroshi Yoshida).
- September 15, 2004: meetings with UCC Capital and Sumitomo (see Declaration of Hiroshi Yoshida).
- November 8, 2004: meeting with Sumitomo (Respondent's Chief Executive Officer, Brian Pardo also attended this in-person in New York together with Mr. Beste).
- May 17, 2005: meeting with Sumitomo (See Declaration of Hiroshi Yoshida).

3.  In addition, Respondent's contact with BHS was not limited to in-person meetings in New York. During BHS's engagement by Respondent, Mr. Beste participated in numerous telephonic conferences and e-mail communications with myself and my New York based colleague, Petitioner Hiroshi Yoshida.

4.  The parties' Letter Agreement was drafted by BHS in its offices which are located in New York, New York and provides that it "shall be governed by and construed in accordance with the laws of the State of New York." In addition, Section B of the Letter Agreement contemplated that Respondent would make payments to BHS which has a principal place of business in New York.

5.  I also understand that Respondent's claim in the NASD alleges that Petitioners routinely engage in baseless arbitration as part of their business activities. This is simply wrong. Founded in 1991, Brooks, Houghton Securities, Inc. ("BHS") is engaged in the investment

banking business. BHS's October 2006 arbitration with Respondent is only the second time BHS has brought a demand for arbitration in over 15 years.

*Kevin Centofanti*
KEVIN CENTOFANTI

Dated: August 2, 2007