

BLANK ROME LLP
COUNSELORS AT LAW

*Phone:*   *212-885-5203*
*Fax:*   *212-885-5001*
*Email:*   *kbressler@blankrome.com*

August 30, 2007

## VIA FEDERAL EXPRESS

Hon. Barbara S. Jones
United States District Court for
 the Southern District of New York
United States Courthouse
500 Pearl Street, Room 620
New York, New York 10007

> Re:   Brooks, Houghton Securities, Inc., et al. v. Life Partners Holdings, Inc.
> (07-6275) (BSJ)

Dear Judge Jones:

We represent Petitioners, Brooks, Houghton Securities, Inc., Gerald Houghton, Kevin

Centofanti and Hiroshi Yoshida ("Petitioners") and write in response to Respondent Life

Partners Holdings, Inc.'s ("Respondent") Supplemental Memorandum in Further Opposition to

Petitioners' Motion to Compel Arbitration.

## I.   This Court Has Personal Jurisdiction Over Respondent

Petitioners have shown that Respondent participated in seven meetings in New York as

part of the efforts Petitioners expended in seeking a financing for Respondent pursuant to the

parties' March 31, 2004 letter agreement (the "Letter Agreement"), and that the prior American



BLANK ROME LLP
COUNSELORS AT LAW

Hon. Barbara S. Jones
August 30, 2007
Page 2

Arbitration Association ("AAA") proceeding concerned Petitioners' attempt to be compensated

for that effort. Respondent's argument that its participation in those meetings with potential

investors in New York is insufficient to confer personal jurisdiction under CPLR § 302(a)(1)

ignores the undisputed fact that Respondent's NASD action seeks damages for Petitioners'

attempt to enforce the Letter Agreement.[1]  Indeed, in response to Your Honor's observation that

Respondent's NASD claims would also be covered under the parties' Letter Agreement, counsel

for Respondent responded: "I don't question that." Tr. pp. 14-15 (a copy of the transcript of the

August 17, 2007 oral argument is annexed hereto as Exhibit 1). The direct relationship between

the NASD proceeding and Respondent's New York contacts distinguishes the facts here from the

cases cited by Respondent.

And, contrary to Respondent's memorandum, the Letter Agreement's New York choice

of law (see Sunward Elecs., Inc. v. McDonald, 362 F.3d 17, 23 (2d Cir. 2004)) and

contemplation of payments in New York (see Schomann Intern. Corp. v. Northern Wireless,

---

[1]      Contrary to Respondent's memorandum, New York business meetings in furtherance of an existing
contractual relationship are a basis for the exercise of personal jurisdiction. See Traffix, Inc. v. Herold, 269 F. Supp.
2d 223, 226 (S.D.N.Y. 2003) (post-contract meetings which "create the likelihood of a more solid business
relationship are a sufficient basis for the exercise of in personam jurisdiction") (internal quotation and citation
omitted); CT Chem., Inc. v. Horizons International, Inc., 106 F.R.D. 518 (S.D.N.Y. 1985).



Hon. Barbara S. Jones
August 30, 2007
Page 3

Ltd., 35 F. Supp. 2d 205, 211 (N.D.N.Y. 1999)) are factors tipping in Petitioners' favor in the

jurisdictional analysis. See Centofanti Decl.[2]

## II.    The Second Circuit Permits Customers to Opt Out of the Mandatory Arbitration Provisions in the NASD Code

During the August 17, 2007 oral argument, Mr. Felsenfeld, who cited his experience as a

NASD arbitrator, pointed out that his case is much stronger since the NASD Code was revised

on April 16, 2007. According to counsel, the revised code is mandatory in giving the customer

the right to demand arbitration in the NASD while the old code was not. The first problem with

counsel's argument is that the code was also mandatory prior to the change. (See Comparison

Chart annexed hereto as Exhibit 2. Compare old NASD Rule 10301 with new NASD Rule

12200).

The second problem with counsel's argument is that the Second Circuit recognizes the

right of NASD customers to agree to resolve disputes with NASD members in arbitration forums

other than the NASD, thereby opting out of the mandatory arbitration provisions of the NASD:

> The language in . . . the NASD Code that arbitration is required at
> the instance of an affected party clearly indicates that for
> arbitration to occur, it must be submitted to the NASD by a
> member . . . or a customer.  If both parties agree to make
> alternative arrangements for the resolution of their dispute, the

---

[2]    Respondent's arguments that the Centofanti Declaration does not specify a specific account in New York for receipt of Respondent's payments and that no payments were ever made under the Letter Agreement should be rejected because the Court is required to construe all jurisdictional facts and resolve any doubts in Petitioners' favor. See DiStefano v. Carozzi North America, Inc., 286 F.3d 81, 84 (2d Cir. 2001).



Hon. Barbara S. Jones
August 30, 2007
Page 4

> above language does not apply and arbitration is therefore not
> mandatory.

Creative Securities Corp. v. Bear Stearns & Co., 671 F. Supp. 961, 966 n.8 (S.D.N.Y. 1987),

aff'd without opinion, 847 F.2d 834 (2d Cir. 1988) (emphasis supplied) (internal quotations and

citations omitted). See also Painewebber, Inc. v. Rutherford, 903 F.2d 106, 109 (2d Cir. 1990) (a

customer agreement calling for arbitration "in accordance with the rules" of specific arbitral

forums should be construed as designating those forums as the exclusive forums in which the

parties' dispute could be heard); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Georgiadis, 903

F.2d 109, 112-113 (2d Cir. 1990) (an arbitration provision "may be superseded by a more

specific customer agreement of the parties").

Here, the Letter Agreement evidences that Respondent exercised its right to designate the

AAA as the forum to resolve disputes with Petitioners relating to the Letter Agreement. Having

done so, the law in the Second Circuit bars Respondent from seeking to change forums in its

attempt to obtain attorney's fees in defending the AAA proceeding. See Creative Securities

Corp., 671 F. Supp. at 966 n.8. Moreover, Respondent's agreement to resolve this dispute in

front of the AAA was confirmed when it participated in the prior arbitration. Having

participated in a full arbitration in the AAA and having had its request for costs denied,

Respondent cannot now credibly argue that it is entitled to bring its dispute in the NASD. Thus,

even putting aside the controlling Second Circuit case law, Respondent waived any right to bring



Hon. Barbara S. Jones
August 30, 2007
Page 5

a NASD arbitration against Petitioners with respect to the Letter Agreement by participating in

the prior AAA proceeding.

Finally, to the extent that this Court is concerned that Respondent is entitled to relief in

front of the NASD that is not available in the AAA, we note:

- Respondent's NASD claims seek reimbursement of attorney's fees and costs incurred in the AAA proceeding, not disciplinary action against any of the Petitioners.

- The case law makes clear that disciplinary sanctions pursuant to NASD Rule 2110, which requires NASD members to "observe high commercial honor and just and equitable principles of trade," typically involve egregious conduct, which is simply not present here. See, e.g., Howard v. Securities & Exchange Commission, 2003 WL 22162370, at *2 (1st Cir. Sept. 19, 2003) (affirming NASD sanctions pursuant to Rule 2110 where broker made unsuitable recommendations to elderly investor); Kunz v. Securities & Exchange Commission, 2003 WL 1605865, at *2 (10th Cir. Mar. 28, 2003) (affirming NASD sanctions where broker issued private placement memoranda including material misstatements and made unsuitable recommendations in light of customer's financial needs). Respondent is a sophisticated public company with significant financial



Hon. Barbara S. Jones
August 30, 2007
Page 6

resources, not an individual investor who has lost his/her retirement savings. Further, the dispute in the AAA arose out of a good faith contractual dispute regarding an agreement to provide investment banking services, not brokerage advice or alleged material misrepresentations.

- The AAA Panel, which heard all of the allegations in Respondent's NASD Complaint, rejected Respondent's application for costs. See Brown Aff. at Ex. 9.

For the reasons stated above, and for the reasons stated in Petitioners' opening and reply papers, this Court should enter an order compelling arbitration of Respondent's claims in the American Arbitration Association, and dismissing or staying the NASD arbitration improperly instituted by Respondent.

Respectfully submitted,

Kenneth L. Bressler (KB 3398)

Enclosures

cc:    Arthur D. Felsenfeld, Esq. (**Via Federal Express**)