```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
BROOKS, HOUGHTON SECURITIES, INC.,   :
GERALD HOUGHTON, KEVIN CENTOFANTI, and:
HIROSHI YOSHIDA,                     :
                                     :
                Petitioners,         :
                                     : 07 Civ. 6275(BSJ)
          v.                         :
                                     :   Order
LIFE PARTNERS HOLDINGS, INC.,        :
                                     :
                Respondent.          :
------------------------------------x
```
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Brooks, Houghton Securities, Inc., Gerald Houghton, Kevin Centofanti and Hiroshi Yoshida, ("Petitioners") have moved via an Order to Show Cause to compel Life Partners Holding, Inc. ("Respondent") to arbitrate before the American Arbitration Association ("AAA") and to stay an arbitration proceeding that Respondent has initiated before the National Association of Securities Dealers ("NASD"). Respondent opposes this motion arguing, *inter alia*, that this Court lacks personal jurisdiction over Respondent. For the following reasons, Petitioners' motion to compel arbitration is dismissed for lack of personal jurisdiction.

## Background

On or about March 31, 2004 Petitioners and Respondent entered into a Letter Agreement whereby Petitioners agreed to

1

act on behalf of Respondent for the purpose of securing a warehouse line of credit of $75 million.  The Letter Agreement contained an arbitration clause stating that any controversy arising out of or relating to the agreement would be settled by arbitration under the rules of the AAA.  On or about March 21, 2006 Petitioners commenced an AAA arbitration proceeding seeking damages based on an alleged breach of the Letter Agreement.

The AAA arbitration panel denied Petitioner's breach of contract claim by Award dated November 20, 2006.  On April 18, 2007, Respondent filed a Statement of Claim against the Petitioners with the NASD in Texas, asserting breach of fiduciary duties and duties of good faith and fair dealing as members of the NASD.  Respondent seeks the fees and costs it occurred in defending and prevailing in the AAA arbitration based on the fact that Petitioners commenced the case against Life Partners in bad faith, without probable cause, and simply to harass Life Partners.  Petitioners have filed a petition with this Court seeking to compel Respondent to arbitrate its claims against petitioner in the AAA pursuant to arbitration clause in the parties' Letter Agreement and to stay the NASD proceeding.

## Personal Jurisdiction Over Respondent

As a preliminary matter, Respondent claims that this Court lacks personal jurisdiction.  Petitioner bears the burden of establishing this Court's jurisdiction over Respondent. *See*

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 566 (2d Cir.1996). The nature of this obligation, however, "varies depending on the procedural posture of the litigation." *Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 197 (2d Cir.1990). At the complaint stage, a petitioner must at minimum state facts "sufficient to support a reasonable inference that the defendant may be subject to personal jurisdiction within the state." *Sultanik v. Cobden Chadwick, Inc.*, 94 F.R.D. 123, 124 (E.D.N.Y. 1982). Where, as here, a party is seeking preliminary relief, more than a prima facie showing of personal jurisdiction is required. *See Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir. 1983); *see also Thompson Medical Co. v. National Center of Nutrition, Inc.*, 718 F. Supp. 252, 253 (S.D.N.Y. 1989). Thus, Petitioner bears the burden of establishing by a preponderance of the evidence that personal jurisdiction over Respondent exists.

### Grounds for the Assertion of Personal Jurisdiction

In order to make a prima facie showing of personal jurisdiction, Petitioner must allege facts that, if true, would satisfy either of New York's jurisdictional statutes, CPLR §§ 301 and 302.[1] *See Allojet,* 2005 WL 612848 at *3 - *4. Petitioner must also allege that the assertion of personal

---

[1] In determining personal jurisdiction in a diversity action, we apply the law of the forum state. *Arrowsmith v. United Press Int'l,* 320 F.2d 219, 223 (2d Cir.1963). Thus the jurisdictional law of New York, specifically CPLR §§ 301 and 302, governs here.

3

jurisdiction here would not offend constitutional due process, *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1110 – 11 (2d Cir. 1997).

It is clear that there is no basis for general jurisdiction over Respondent pursuant to N.Y.C.P.L.R. § 301. Respondent is a corporation organized and existing under the laws of Texas with its principal place of business in Texas. It is undisputed that Respondent maintains no office, telephone listing, or mailing address in New York; that Respondent is not engaged in any continuous course of business here and owns no real property in the state. Therefore, Respondent is not "doing business" in New York and cannot be deemed to be present here for jurisdictional purposes.[2]

Thus, in order to establish personal jurisdiction, Petitioners must allege facts, if true, would satisfy New York's long arm statute, N.Y.C.P.L.R. § 302. This statute confers jurisdiction over a defendant who has "engaged in some

---

[2] Section 301 is understood as codifying decisional law[2] that a foreign corporation is subject to general personal jurisdiction in New York if it "does business in New York not occasionally or casually, but with a fair measure of permanence and continuity." *Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985) (quoting *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267, 115 N.E. 915 (1917)). To meet this standard, a plaintiff must allege that a defendant engaged in "continuous, permanent, and substantial activity in New York." *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 95 (2d Cir. 2000) (quoting *Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.*, 918 F.2d 1039, 1043 (2d Cir. 1990)). "The doing business standard is stringent because a corporation amenable to jurisdiction under Section 301 may be sued in New York on causes of action wholly unrelated to acts done in New York," *Allojet*, 2005 WL 612848 at *3 (internal quotations omitted).

purposeful activity in [the] State in connection with the matter in suit." [3] *Longines-Wittnauer Watch Co. v. Barnes & Reinicke, Inc.,* 15 N.Y.S.2d 443, 457 n. 5, 261 N.Y.S.2d 8, 18 n. 5, 209 N.E.2d 68, *cert. denied,* 382 U.S. 905, 86 S.Ct. 241, 15 L.Ed.2d 158 (1965).

Here, Petitioners rely on § 302(a)(1) to obtain personal jurisdiction over Respondent. This section provides for personal jurisdiction over a non-domiciliary who "transacts any business within the state or contracts anywhere to supply goods or services in the state[.]" N.Y.C.P.L.R. § 302(a)(1). To establish personal jurisdiction under section 302(a)(1), two requirements must be met: (1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity. *McGowan v. Smith*, 52 N.Y.2d 268, 273, 437 N.Y.S.2d 643, 419 N.E.2d 321 (1981).

Petitioners support their contention that this Court has jurisdiction over Respondent pursuant to § 302(a)(1), with the following factual allegations.[4] First, the Letter Agreement

---

[4] Petitioners first alleged these facts in their reply memorandum. During a conference with the parties on August 17, 2007, Respondents agreed to deem the petition amended to include the new allegations. The sole basis for personal jurisdiction alleged by Petitioners in their original petition was that Respondent appeared and participated in the earlier AAA arbitration proceeding in New York. However, Respondent's participation in the AAA arbitration proceeding fails to satisfy the statutory jurisdictional requirements under the CPLR and the minimum contacts requirement of the Due Process Clause. *See e.g. Beacon Enterprises v. Menzies*, 715 F.2d 757, 762 (2d Cir., 1983). New York law makes clear that this type of limited appearance in the state is insufficient to subject a non-domiciliary to personal

5

which sets forth the terms of the arrangement between the parties and which contains the arbitration clause at issue was drafted in New York and includes a New York choice of Law provision.[5] See Pet'r Ex. 3. Further, Respondent's President-Institutional Investor Division traveled to New York on behalf of Respondent on at least seven occasions for business meetings in furtherance of this Letter Agreement. See Decl. of Kenneth Centofanti, dated August 2, 2007; Decl. of Hiroshi Yoshida, dated Aug. 2, 2007. These meetings took place after the Letter Agreement was entered into and were with purported prospective lenders in New York. (Penden Aff. at ¶ 3).

The fact that Petitioners drafted the Letter Agreement in New York is irrelevant to the determination of whether this Court may exercise personal jurisdiction over Respondent. Likewise, while the existence of a choice of law clause has been held to constitute a "significant contact" with the forum state under § 302(a)(1), such provisions standing alone are

---

jurisdiction. *See, e.g., Andros Compania Maritima S.A. v. Intertanker Ltd.*, 714 F.Supp. 669, 675 (S.D.N.Y. 1989). The case which Petitioners cites in support of the contrary proposition is inapposite to the present case. *See Matter of Sayeh R.*, 91 N.Y.2d 306, 319 (1997)(holding that jurisdiction was proper in a case dealing with a child protective order proceeding brought by social services under the Family Court Act where the alleged abuse took place within the state and the mother had repeatedly invoked the aid and protection of New York courts, seeking affirmative relief via an order to show cause and by subsequently moving to enforce a Florida court order in a related case). This case is not applicable here where Respondent did not actively invoke the aid of New York courts but, rather, participated in its own defense before a national arbitration association.

[5] Petitioner also asserts that section B of the Letter Agreement contemplated payment to Petitioners in New York. However, section B of the Letter Agreement does not address where payments are to be made.

insufficient to confer jurisdiction. *See Uniroyal, Inc. v. Heller,* 65 F.R.D. 83, 91 (S.D.N.Y. 1974). Accordingly, the seven meetings in New York with purported lenders, the purpose of which was furthering the Letter Agreement, are the sole basis for asserting jurisdiction. As an initial matter, the Court finds that these meetings constitute "transacting business" under section 302(a)(1).

Thus, the question is whether Petitioners have met the second requirement of § 302(a)(1) by demonstrating that the instant claim arose out of Respondent's business activity in New York. In making this determination, courts look to whether there is "some articulable nexus between the business transacted and the cause of action sued upon." *McGowan*, 52 N.Y.2d at 273. "This substantial relationship test is not satisfied by a remote causal connection between [a] defendant's forum activity and [a] plaintiff's claim." *Faherty & Faherty, Inc. v. Fender*, 572 F.Supp. 142, 146 (S.D.N.Y. 1983).

Here, the instant claim does not arise from the meetings in New York but from Respondent's refusal to continue arbitration in New York and the commencement of the NASD arbitration in Texas. As mentioned supra, all of the meetings in New York took place after the parties had entered into the existing contract and were with prospective lenders in hopes of obtaining financing which was never obtained. There is no connection

between these meetings and the instant action. Neither the NASD action nor the underlying AAA arbitration arose out of anything that transpired at the New York meetings. Indeed, the meetings in New York do not form any aspect of Petitioners' instant claim. Accordingly, Petitioners' cause of action does not arise out of Respondent's activities in New York and jurisdiction does not exist over Respondent pursuant to § 301(a)(1). *See Hammond v. Alpha 1 Biomedicals*, No. 91 Civ. 1477, 1992 WL 44365, *16-17 (N.D.N.Y. 1992). *See, e.g., Faherty* 572 F.Supp. 142 (S.D.N.Y. 1983).

## Conclusion

For the aforementioned reasons, the Court dismisses Petitioners' motion to compel arbitration for lack of personal jurisdiction. Accordingly, the Clerk of the Court is directed to close this case.

**SO ORDERED:**

_____
Barbara S. Jones
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         January 14, 2008

8